## ISA THARP v. MARSH & PENDLETON.

1. SPECIAL COURT OF EQUITY: HAS NO JURISDICTION OF BILL TO DECREE DISSOLUTION OF PARTNERSHIP.—The "Special Court of Equity" has no jurisdiction to decree the dissolution of a partnership, nor to state an account between the partners.

2. SPECIAL COURT OF EQUITY: JURISDICTION OF: CASE IN JUDGMENT.—Defendants in error entered into a contract with plaintiff in error to buy cotton, and furnished him with goods and money for that purpose, and agreed to give him one-fourth of the net profits. Defendants in error filed their bill in the "Special Court of Equity," at Brookhaven, to have the contract specifically performed, to compel the delivery of the cotton purchased, and to state an account between the parties. Held—That this was not a contract to buy cotton and sell goods for defendants in error, but a contract to sell goods and buy cotton on joint account and divide the profits, and created a partnership between the parties, and that the Special Court of Equity had no jurisdiction of the subject-matter.

ERROR to the Special Court of Equity at Brookhaven. Hon. —— Stone, judge.

Provisional Governor Sharkey, by proclamation of 12th July,

Tharp *v.* Marsh & Pendleton.

1865, established special courts of equity "with equity jurisdiction in all contracts for cotton or other personal property in this State, with power to proceed in a summary way on petition, to enforce specific performance or rescind contracts, on notice to parties, to issue necessary process, to punish for contempt," etc. By proclamation of 25th of July, 1865, it is recited that as doubts have arisen in the minds of some as to the jurisdiction of the special courts of equity, it is declared, that in "decreeing specific performance of contracts in reference to cotton or other personal property," the court "has power to make decrees in the alternative, if the property itself cannot be had, or has been sold or disposed of—the measure of value to be regulated by the value of the thing at the time suit was brought, with ten per cent. damages."

*W. P. Harris*, for plaintiff in error.

*C. R. Potter*, for defendants in error.

Harris, J., delivered the opinion of the court.

The defendants in error filed their petition in the Special Court of Equity, stating that in the month of June, 1855, they employed plaintiff in error, and sent him to Simpson county in this State to buy cotton for them, and furnished him with goods and money for that purpose, for which he was to have one-fourth of the net profits, arising from the sale of the goods and cotton, for his compensation. That said Tharp had no capital of his own. That with the capital furnished by defendants in error, he purchased and remitted to them forty-three bales of cotton. That, having reason to doubt the correctness of his dealings, they sent an agent to demand ten bales of ginned cotton and six hundred pounds of seed cotton, in his possession and purchased with their money and goods, also merchandise to the value of $1,600 and a large amount of money, etc., belonging to defendants in error, which the said agent, after demand, failed to obtain. They allege that they believe Tharp owes them about $4,300, and that he will dispose of or remove said property unless

restrained by the order of said court.    That they have termin-
ated any further agency of said Tharp for them, and pray a
writ of sequestration and for an injunction, and on final hearing
for a decree of specific performance of said contract, in law, by
delivering all of said property to defendants in error, subject to
said, credit of one-fourth of the net profits, as aforesaid, or for
its alternative value, and damages and for such other or fur-
ther relief, etc.

.To this petition the plaintiff in error filed his demurrer—1st,
for the want of jurisdiction, and 2d, because the petition seeks
a settlement of partnership accounts, and not a specific perform-
ance of a contract in relation to cotton, or other personal con-
tract, express or implied.

This demurrer was overruled, and the plaintiff in error filed
his answer, denying all the material allegations of the bill, as to
the ownership of the cotton and merchandise mentioned in the
petition, and claiming it as his own.

Proofs were taken and the cause submitted for hearing, and a
decree made for petitioners, for the property and money in the
petition claimed, or its alternative value.

From this decree a writ of error is now presented here.

The grounds of error relied on, are that the court had no
jurisdiction; that the court erred in rendering a decree against
the plaintiff in error; and that the demurrer should have been
sustained.

We think it clear that the demurrer to this petition should
have been sustained.    The contract stated in the petition was
not a " contract for cotton or other personal property," but a
contract to engage in a speculation, by the sale of goods and the
purchase of cotton, from third parties.    The parties to the con-
tract became partners; neither had the exclusive right, so far as
the contract shows, to the possession or control of the cotton
when purchased.    It is true the petition denominates the plain-
tiff in error an " agent," but he was also a partner, receiving
by the terms of the contract one-fourth of the net proceeds of
the sale of the goods and cotton for his interest.    The petition
does not allege that the defendants in error were entitled to the

exclusive possession or control of the cotton, goods, and other property in controversy, but distinctly admits that their right or property therein is subject to the one-fourth interest of plaintiff in error.

This petition, therefore, instead of being a proceeding to enforce the specific performance of this contract—to buy cotton and sell goods—is rather in the nature of a bill for the dissolution of this contract of partnership, and for an account; a jurisdiction which is not attempted to be conferred, or in the remotest manner alluded to, by the ordinance creating this special court.

This was not a contract, as supposed by counsel for defendants in error, to buy cotton and sell goods *for defendants in error*, but a contract to buy cotton and sell goods on joint account, and to divide the profits, according to the terms of the contract. They did not " contract for cotton or other personal property " with one another, but they jointly contracted with third persons, and became thereby joint owners of the property and cotton so acquired. A specific performance of the contract between these parties, would be the continuance of this trade, which it is the object of the petition to terminate and destroy.

Let the decree below be reversed, demurrer sustained, and petition dismissed here.